IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-CR-146 |
| | ) | |
| v. | ) | |
| | ) | |
| ALGERNEE ALEXANDER, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case came before the Court on March 23, 2015, for a motion hearing on court-appointed defense counsel's Motion to Withdraw [Doc. 227], filed on March 6, 2015, and referred [Doc. 228] to the undersigned on March 9, 2015. See 28 U.S.C. § 636(b). Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Andrew S. Roskind represented the Defendant, who appeared by telephone.

In his motion, Attorney Roskind asks to withdraw from representing the Defendant, because the Defendant has stated that she no longer wants him to represent her and because communications with the Defendant have broken down to the point that he may no longer provide effective representation. At the hearing, the Government opposed counsel's request to withdraw, arguing that substitution of counsel would needlessly delay the resolution of this case. AUSA Norris stated that defense counsel had done an excellent job for the Defendant, including negotiating an agreed sentence that is potentially lower than that received by any of the codefendants in this case. She observed that the production of the presentence report for this Defendant had been expedited so that the change of plea and sentencing hearings could be

combined, thereby preventing the Defendant from having to travel from her home in California multiple times. The Court then conducted a sealed, *ex parte* hearing with the Defendant and Mr. Roskind to learn the nature and extent of the problems between them.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). In response to a request for the substitution of appointed counsel, the Court must inquire into the complaints of the defendant and counsel and must take into consideration (1) the timeliness of the request, (2) whether the conflict in the attorney-client relationship is so extensive that it results in the complete absence of communication, which in turn can prevent an adequate defense, and (3) whether these first two factors outweigh "'the public's interest in the prompt and efficient administration of justice.'" United States v. Sullivan, 431 F.3d 976, 980 (6th Cir. 2005) (quoting United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001)); United States v. Iles, 906 F.2d 1122, 1130 n.8 (6th Cir.1990).

In the present case, the Defendant asked defense counsel to move to withdraw less than a month before her joint change of plea and sentencing hearing. The Court observes that the entry of the Defendant's change of plea has already been continued three months to permit an expedited pretrial services report.[1] Second, the Court finds that the Defendant appears to be experiencing discontent with her situation that is common for someone preparing to enter a

---

[1] During the sealed portion of the hearing, the Defendant indicated that she might want to retain private counsel to represent her in this case. The Court reminded the Defendant that she has the right to retain counsel of her choice. However, this right cannot be wielded to thwart the prompt and efficient administration of justice. In other words, if the Defendant seeks to substitute retained counsel, she must do so immediately in order to avoid again requesting substitution of counsel on the eve of the change of plea and sentencing hearing.

2

guilty plea to a serious felony. However, the Court finds that the communication exhibited in this attorney-client relationship to be reasonable. After listening to the concerns raised by the Defendant and the explanations of counsel in the sealed portion of the hearing, the Court finds that the attorney-client relationship has not suffered a complete or irreparable breakdown in communication or trust. Finally, the Court finds that the public's interest in the prompt and efficient administration of justice outweighs the Defendant's concerns expressed in the sealed hearing. Accordingly, the Court finds that all three factors weigh in favor of denying the motion to withdraw.

Defense counsel's Motion to Withdraw [**Doc. 227**] is **DENIED**, because the Defendant has failed to show good cause for a substitution of counsel at this juncture. The Defendant is strongly encouraged to work with Mr. Roskind throughout the remainder of this case. The Court granted the Defendant's request for a short continuance of the change of plea and sentencing hearing. The joint change of plea and sentencing hearing before Chief District Judge Thomas A. Varlan is **RESET** to **April 20, 2015, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge