IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CR-146 |
| v. | ) | |
| | ) | |
| ALGERNEE ALEXANDER, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Application for Order Directing United States Marshal[s] to Provide Noncustodial Transportation and Per Diem Costs for Out-of-District Court Appearance [Doc. 211], which was filed on December 9, 2014, and referred [Doc. 212] to the undersigned on the following day. At Defendant Alexander's initial appearance and arraignment, the Court released her on conditions [Doc. 38], including permitting her to be supervised in the Northern District of California, where she resides. The Defendant is scheduled to enter a change of plea and to be sentenced on April 20, 2015.[1] The Defendant states that she is indigent. Pursuant to 18 U.S.C. § 4285, the Defendant asks that the Court order the United States Marshals Service to pay for a round-trip plane ticket to this district for her change of plea hearing and then back to California. She also

---

[1] At the time the Defendant filed her motion, her change of plea hearing was scheduled for January 8, 2015. This hearing was continued to April 1, 2015, to permit the filing of a presentence investigation report so that the Defendant's change of plea and sentencing hearing could be combined. On March 23, 2015, the combined hearing was continued, at the Defendant's request, to April 20. [See Doc. 231]

1

asks that the Marshals Service pay subsistence expenses for ground travel and lodging and meals for a period of three days, while she is traveling to and is in Knoxville for the hearing.

A United States Magistrate judge may order that the United States Marshal arrange for non-custodial transportation or provide the fare for same for a defendant released on conditions in another district to travel to the prosecuting district for a court appearance if the judge is satisfied that (1) such order would be in the interests of justice and (2) the defendant is not financially able to provide the transportation on his or her own. 18 U.S.C. § 4285. This statute is limited to the payment of one-way travel for a court appearance. Id.; United States v. Mouzon, No. 1:12–CR–301–04, 2014 WL 1303708, *1-2 (M.D. Pa. Mar. 31, 2014) (observing that the legislative history reveals Congress's intent that the statute authorize funds for travel only to the district); United States v. Birdhorse, No. 2:07-CR-65, 2007 WL 2358634, *2 (D. N.D. Aug. 17, 2007); United States v. James, 762 F. Supp. 1, 2 (D. D.C. 1991) (holding that "the statute provides for a one way ticket, notwithstanding the possible hardship to the defendant"). The statute also permits the judge to require the Marshals Service "to furnish that person with an amount of money for subsistence expenses *to his destination*[.]" 18 U.S.C. § 4285 (emphasis added). The policy behind the statute is to gain the defendant's appearance both economically and expeditiously:

> Arranging for noncustodial transportation is an efficient means of securing court appearances by willing indigent defendants. Absent that payment for noncustodial transportation, the likely result is custodial transportation following issuance of a warrant, at far higher costs to the United States Marshal's Service.

Birdhorse, 2007 WL 2358634, at 2.

Section 4285 requires the Court to make "appropriate inquiry" into whether a defendant is financially able to transport him or herself to a required court appearance. In this

2

regard, the Court observes that it found [Doc. 37] the Defendant to be indigent for purposes of the appointment of counsel at her initial appearance.  However, a defendant's inability to afford representation does not necessarily mean that the defendant is financially unable to pay transportation expenses to this district.  Accordingly, the Court directed the Defendant to file *ex parte* a financial affidavit stating her income and that of her spouse, if she is married; her assets; her expenses; and whether she supports any dependents.  The Defendant filed this affidavit [Doc. 216] on December 30, 2014.  On March 23, 2015, the Court held a motion hearing on matters concerning the Defendant's representation.  The Defendant participated by telephone, and the Court learned additional information regarding the Defendant's financial situation.  United States Probation Officer Corey Miller followed up with the Defendant on the particulars of the Defendant's new job and has informed the Court of her present income.  Based upon the Court's review of the Defendant's financial affidavit and the supplemental financial information received through the probation office, the Court finds that the Defendant is not financially able to pay for her transportation to this district for her April 20 change of plea and sentencing hearing.

Accordingly, the Defendant's motion [**Doc. 211**] is **GRANTED in part** in that the Court grants travel expenses for transportation to the Eastern District of Tennessee and subsistence expenses for meals while traveling to this district.  In this respect, the Court **ORDERS** that the United States Marshals Service fund the Defendant's noncustodial transportation from Richmond, California, to Knoxville, Tennessee, for a change of plea and sentencing hearing on **April 20, 2015, at 10 a.m.**  If the Defendant will be traveling by airplane, the Court **DIRECTS** that she fly out of the Oakland International Airport in Oakland, California, and arrive in Knoxville on *Sunday, April 19*.  The Court also **ORDERS** the United States

3

Marshals Service to provide subsistence expenses for meals while traveling to the Eastern District of Tennessee.

The Defendant's motion [**Doc. 211**] is **DENIED** in all other respects. Specifically, the United States Marshals Service does *not* have to provide return transportation to California following the hearing, as the statute does not permit such funding. The United States Marshal's service also does *not* have to provide ground travel for the Defendant (either in California or in Knoxville), lodging, or meals beyond those ordered above. First, the Court finds that the statute does not authorize such expenses. See United States v. Gundersen, 978 F.2d 580, 584 (10th Cir. 1992) (holding that § 4285 does not provide for payment of lodging and meals during the trial, "only for the travel to court and subsistence during the period of travel"); United States v. Nave, 733 F. Supp. 1002 (D. Md. 1990) (observing that the legislative history to § 4285 states that subsistence may only be provided while the defendant is traveling and must terminate upon the defendant's arrival at the destination). Second, the Court finds that the Defendant has sufficient means to pay these expenses herself. Accordingly, the Defendant will have to arrange for and provide her own ground transportation (to include transportation from the airport), lodging, and meals (other than meals during travel from California to the district) while in the Eastern District of Tennessee. The Clerk of Court is **DIRECTED** to provide a copy of this Order to the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

4

Case 3:13-cr-00146-TAV-HBG   Document 233   Filed 03/30/15   Page 4 of 4   PageID #: 844